PHILIP HAIBACK, PLAINTIFF IN ERROR, v. HAMILTON ICE MANUFACTURING COMPANY, DEFENDANT IN ERROR.

Submitted July 13, 1908—Decided March 1, 1909.

The title to goods and chattels levied on under a writ of attachment passes to the purchaser upon the auditor's sale as of the date of the levy; and a sale of the same goods after the date of the levy by the defendant in the writ passes no title thereto.

---

On writ of error to the Camden Circuit Court.

For the plaintiff in error, *Carrow & Kraft.*

For the defendant in error, *French & Richards.*

The opinion of the court was delivered by

MINTURN, J. On September 15th, 1905, the plaintiff in error caused a writ of attachment to be issued out of the Camden County Circuit Court against Robert P. Field, who was at that time doing business as the Hamilton Ice Manufacturing Company.

On December 14th, 1908, the auditor in the attachment proceedings duly sold the goods levied upon, consisting of a safe, desks, coal scales, and machinery used in the manufacture of ice, to the plaintiff; and a bill of sale was delivered to him bearing date February 11th, 1907.

There was evidence in the case from which the jury might find that as late as October, 1905, the goods in question were the property of Fields.

Some time after the levy under the writ of attachment Fields transferred to the defendant corporation, which he had in the meantime organized, the specific chattels which had been levied upon under the writ of attachment, and the plaintiff in error instituted this suit in replevin to recover them. A nonsuit was ordered at the trial upon the ground that the attached property were not goods and chattels, but by annexation to the freehold had become part of the realty and consequently were not the subject of a writ of replevin, but this was clearly error. The seventh section of the Attachment act (*Pamph. L.* 1901, *p.* 160) provides that "this writ shall bind the attached rights and credits, moneys and effects, goods and chattels of the defendant from the time of executing the same."

The twenty-sixth section provides that every sale made by the auditor "shall be as good and effectual in law as if executed by the defendant at and before the time when the attachment became a lien." See, also, *Lummis* v. *Boon,* 2 *Penn.* *734; *Miller* v. *Jamison,* 9 *C. E. Gr.* 41.

At the trial it was proved that Field was in possession of the ice plant containing the chattels in question at the time the writ of attachment was issued, and that he claimed to own the plant and chattels. If this be correct it is unnecessary for

us to determine whether the chattels were realty or personalty as between creditor and debtor, for clearly under the Attachment act the title to such articles as were unquestionably personalty passed to the plaintiff by the auditor's sale; and the question of title, therefore, as to these articles was one for the jury upon the testimony presented.

Whether the property in question be realty or personalty as between this plaintiff and Fields is of no consequence, for, under the lien of the attachment the plaintiff was entitled to sell and acquire all the right, title and interest of Fields in the property, and thus *ipso facto* became legally subrogated to the *status* of Fields in any claim of ownership. Therefore, whether as between the plaintiff, possessed of the interest of Fields, and the defendant, under a claim of freehold, the property retains its character of personalty or becomes annexed as a fixture to the land depends upon the recognized legal tests applicable to such inquiries and is entirely a matter of evidence. *Brearly* v. *Cox,* 4 *Zab.* 287; *Pope* v. *Skinkle,* 16 *Vroom* 40; *Palmatier* v. *Robinson,* 31 *Id.* 433; 19 *Cyc.* 1036, and cases cited.

The judgment below is reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 15.